UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EFRAIN MEDINA,

                 Plaintiff,

v.

DR. KEITH BAHLARAMA,

                 Defendant.

No. C09-5133 FDB/KLS

**REPORT AND RECOMMENDATION**
**Noted for: September 4, 2009**

Presently before the Court is the Motion to Dismiss of Defendant Dr. Miguel Balderrama.[1] Dkt. 9. Defendant claims that Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6), because Plaintiff Efrain Medina has failed to exhaust his administrative remedies, has failed to state a claim on which relief can be granted, and lacks standing as to some of the remedies he seeks. *Id*. Mr. Medina did not file a response. Mr. Medina's failure to file a response may be deemed an admission that the Defendant's motion has merit pursuant to Local Rule 7 (b)(2).

---

[1] Plaintiff misspelled Dr. Balderrama's name as "Bahlarama." Dkt. 9, p. 1 n.1.

REPORT AND RECOMMENDATION - 1

For the reasons stated below, the Court recommends that the motion to dismiss be granted and Mr. Medina's Complaint be dismissed without prejudice because he has failed to exhaust his administrative remedies.

## I. DISCUSSION

### A. Plaintiff's Allegations

Mr. Medina is a Washington state inmate currently incarcerated at the Stafford Creek Corrections Center (SCCC). Dkt. 8. At the time at issue in his complaint, Mr. Medina was incarcerated at the Pierce County Detention and Correction Center (PCDCC). Dkt. 4, p. 5. (CM/ECF page numbering). Mr. Medina alleges that Dr. Balderrama allows his subordinates to collect written requests for medical and mental health evaluations with no log or chain of custody for each request and that such failure to affirmatively record and account for each request is ordinary policy or custom. *Id*. Mr. Medina further alleges that Dr. Balderrama should have known that Plaintiff was suffering from back and finger pain because he submitted multiple medical kites for medical attention between December 7 and 16 of 2008, but Dr. Balderrama's staff exhibited deliberate indifference to his needs when they did not address his kites until December 16, 2008. *Id.*

Mr. Medina indicates in his complaint that there is a prisoner grievance procedure available at the PCDCC, but he did not file a grievance concerning the facts relating to his complaint. Dkt. 4, p. 2. He explains that he did not complete the grievance process because, although he asked for grievance forms from the duty officer and floor sergeant "three different times," they did not respond. *Id*.

Mr. Medina seeks an order appointing a special master to oversee the development of medical procedures, damages, and medical care for his finger and back. *Id*., p. 7.

REPORT AND RECOMMENDATION - 2

B.  **Grievances Procedures by PCDCC**

Defendant provides the Affidavit of Pam Lacipierre, an administrative assistant for the PCDCC, who is a custodian of prisoner grievance records. Dkt. 10, p. 1. Ms. Lacipierre states that the PCDCC's "Prisoner Information Handbook" contains the grievance procedure that was available to Plaintiff during the period of his incarceration. *Id*., Exhibit A. The Handbook states in pertinent part:

> Written Communication
>
> Grievance forms are supplied by the Housing Officer. They are for you to express, in written form, a specific serious complaint requesting formal review. (see Prisoner Grievances for more details).
>
> . . .
>
> Prisoner Grievances
> The Pierce County Detention and Corrections Center has a grievance procedure that you can use to express valid grievances.
>
> Rules for Filing a Grievance/Appeal
> The grievance program is intended to address serious concerns that are personal to you.
>
> You may not use the grievance program to submit a request or appeal on behalf of another inmate(s).
>
> You have the responsibility to use this program in good faith and in an honest and straightforward manner. Knowingly, making a false complaint is a major rule violation.
>
> Before filing a formal grievance, you must first try to resolve the complaint informally with your Housing Officer.
>
> If you are unable to resolve complaint, you may fill out a Formal Grievance Form:
> ◊       State, specifically, one single complaint or a few number of closely related issues on the form. If there are multiple unrelated issues on the form it will be rejected.
> ◊       Complete the form with all the requested identifying information as well as stating the complaint

REPORT AND RECOMMENDATION - 3

◊   Sign the form and review the information you have written.
◊   Hand the form to a Corrections Officer. It will be forwarded to a Duty Sergeant and then on to the Grievance/Complaint Coordinator. The grievance will be recorded and answered within 10 working days of the receipt of the grievance.

Dkt. 10, Exh. A, pp. 5-6 (CM/ECF page numbering).

Ms. Lacipierre has researched PCDCC prisoner grievance records for Plaintiff Efrain Medina. *Id.*, p. 2. The grievance records indicate that Mr. Medina filed no grievances concerning any allegation of deliberate indifference in providing medical care during the period of his incarceration at PCDCC. *Id.*

## II. DISCUSSION

A motion to dismiss for failure to exhaust administrative remedies is properly brought as an unenumerated 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) (citations omitted). On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969), reh'g denied, 396 U.S. 869 (1969); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). While the court can liberally construe a plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

When considering whether to dismiss a complaint for lack of exhaustion of administrative remedies, a court may look outside the pleadings to determine whether the issue has been exhausted. *Wyatt*, 315 F.3d at 1119-20. When dismissal is based on failure to exhaust administrative remedies, the dismissal should be without prejudice. *Wyatt*, 315 F.3d at 1120.

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the PLRA states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

This requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). Further, "[a]ll 'available' remedies" must be exhausted, "[e]ven when the prisoner seeks relief not available in grievance proceedings." *Id.* at 524. Inmates must exhaust prison grievance remedies before filing suit if the grievance system is capable of providing any relief or taking any action in response to the grievance, and must do so in a timely manner. *Booth v. Churner*, 531 U.S. 956, 121 S. Ct. 1819, 1825 (2001); *Woodford v. Ngo*. 548 U.S. 81, 126 S.Ct. 2378, 2386-87 (2006).

In deciding whether the PLRA exhaustion standard has been met, it must be remembered that § 1997e(a) is an affirmative defense. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Defendants have the burden of raising and proving the absence of exhaustion. *Id*. There can be no "absence of exhaustion" unless some relief remains "available," and a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. *Brown v. Valoff*, 422 F.2d 926, 937 (9th Cir. 2005).

Before a plaintiff can pursue a civil action with respect to prison conditions, he or she must exhaust the administrative remedies that are available. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738-40 (2001). This provision does not require exhaustion of *all*

REPORT AND RECOMMENDATION - 5

remedies; it requires the exhaustion of "such administrative remedies as are available." *Id*. (emphasis added).

Mr. Medina acknowledges in his complaint that there is a prisoner grievance procedure available at the PCDCC. Dkt. 4, p. 2. He does not dispute that he failed to file a grievance concerning the facts relating to his complaint, but explains instead that his failure to file a grievance was because the duty officer and floor sergeant did not respond to his several requests to provide him with grievance forms. *Id*.

The undisputed record reflects, however, that an established procedure exists at the Pierce County Jail. The Prisoner Information Handbook, applicable at the time of Mr. Medina's incarceration, includes the available procedure for filing and appealing "Prisoner Grievances," for jail conditions such as medical treatment. Dkt. 10, Exh. A. In her affidavit, Ms. Lacipierre states that Plaintiff would have received this handbook informing him of the PCDCC grievance process. Dkt. 10, p. 2. Ms. Lacipierre stated that she researched PCDCC prisoner grievance records for the Plaintiff and those records reveal that Mr. Medina filed no grievance during his period of incarceration concerning medical care or his concerns for the lack of documentation by Dr. Balderrama and/or his staff of medical and mental health evaluations. *Id. See, e.g., Sheets v. Terhune*, 421 F.Supp.2d 1304, 1307 (D. Cal. 2006) (officials "met their initial burden as the moving parties by setting forth evidence that they searched [corrections] records for any and all appeals submitted by plaintiff concerning the claims or parties underlying this action").

The Court does not agree with Mr. Medina that he was excused from complying with PCDCC's established grievance procedures simply because the duty officer and sergeant did not respond to his requests to provide him with a grievance form. The Prisoner Information Handbook informed Mr. Medina that before filing a formal grievance, he would first have to

REPORT AND RECOMMENDATION - 6

attempt to resolve any complaint informally with his housing officer and failing resolution at that level, he would then have to fill out a formal grievance form. Dkt. 10, Exh. A, p. 6. The jail handbook also advised him that the grievance forms are supplied by the housing officer. *Id.*, p. 5.

Accordingly, the evidence reflects that Mr. Medina filed this lawsuit prematurely and has not yet fully exhausted his administrative remedies. Claims that are not exhausted must be dismissed and this Court lacks discretion to resolve those claims on the merits. See e.g., *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002).

### III. CONCLUSION

For the reasons stated above the Court should **GRANT** Defendants' motion to dismiss (Dkt. 9) and Plaintiff's Complaint (Dkt. 4) should be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 4, 2009**, as noted in the caption.

**DATED** this 11th day of August, 2009.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7